Motion *to* dismiss denied January 9, argued December 12, 1923,
reversed and dismissed February 5, rehearing denied May 13,
1924.

# F. R. BEALS AND BIRD L. BEALS *v.* EMMA HARRISON.

### (222 Pac. 736.)

**Cancellation of Instruments—Complaint for Cancellation of Mortgage Held Demurrable.**

A complaint, in a suit to cancel a mortgage, which alleged that
mortgagee had sued on the mortgage notes and ignored the mortgage, thereby waiving and abandoning the mortgage, *held* to allege conclusions except as to the allegation of commencing the
action, and a demurrer thereto was improperly overruled, as it
did not exclude the possibility that plaintiff, in the previous action,
may have taken a judgment of voluntary nonsuit, leaving her exactly where she was before the action was commenced under Section 184, Or. L.

From Tillamook: GEO. R. BAGLEY, Judge.

Department 1.

REVERSED AND DISMISSED.    REHEARING DENIED.

For appellant there was a brief over the name of
*Messrs. Hodges & Gay,* with an oral argument by
*Mr. C. M. Hodges.*

For respondents there was a brief over the names
of *Messrs. Botts & Winslow* and *Messrs. Wood, Montague & Matthiesen,* with an oral argument by *Mr. H. T. Botts.*

BURNETT, J.—This is a suit to cancel a mortgage
of record and to release the lien thereof upon the
real property therein described. The complaint alleges the execution of the mortgage; avers that it
was given to secure the purchase price of the property evidenced by certain promissory notes and

See 9 C. J., p. 1232.

further states the execution and record of the same. The complaint then contains the following allegation:

"That thereafter and on or about the 19th day of October, 1921, the defendant instituted an action on all of said notes against the plaintiff F. R. Beals, wholly ignoring and disregarding said mortgage.

"That by the institution of said action and by electing to sue upon said promissory notes alone, defendants waived the mortgage hereinbefore referred to and abandoned the same."

The Circuit Court overruled a general demurrer to this complaint and this is assigned as error.

Section 429, Or. L., reads thus:

"During the pendency of an action at law for the recovery of a debt secured by any lien mentioned in Section 422, a suit cannot be maintained for the foreclosure of such lien, nor thereafter, unless judgment be given in such action that the plaintiff recover such debt or some part thereof, and an execution thereon against the property of the defendant in the judgment is returned unsatisfied in whole or in part."

In the excerpt from the complaint above set out, the only allegation of fact is the commencement of the action on the notes. All the rest is the plaintiff's conclusion of law and does not amount to an averment of fact. For aught that appears in the complaint, the plaintiff in the action may have taken a judgment of voluntary nonsuit, leaving her exactly where she was before the action was commenced: Section 184, Or. L.

The demurrer is sustained and the suit dismissed.

MOTION TO DISMISS DENIED. REVERSED AND DISMISSED. REHEARING DENIED.

McBRIDE, C. J., and BROWN and RAND, JJ., concur.