Argued October 6, affirmed November 17, rehearing denied December 15, 1925.

## A. G. HAWKINS v. C. S. FULLER and NETTIE FULLER.

(240 Pac. 549.)

Chattel Mortgages — Bringing of Action at Law on Note Waives Mortgage.

1. When mortgagee brings action at law upon note, he is deemed to have waived mortgage securing note.

1. See 5 R. C. L. 459.

116 Or.—28

Tender — Offer to Pay Interest Held Effective, if Made Before Bringing of Action on Note.

2. Offer to pay interest on note, although two or three days late, *held* to be effective because made before commencement of action upon note.

Tender—Objections, to Check must be Specified at Time Tender is Made.

3. Under Section 877, Or. L., on receiving check for payment of interest on note it was duty of payee to have specified his objections to check when offered.

Bills and Notes—Taking of Check by Payee of Note for Interest Thereof Without Objections and Without Effort to Collect for Several Days Postpones Right to Bring Action on Note.

4. Payee of note, having taken check without objection at time given for payment of interest, retaining same in his possession for two or three days without effort to collect it, postpones his right to commence action upon note, even though check was later returned to maker.

---

Bills and Notes, 8 C. J., p. 568, n. 43.
Contracts, 13 C. J., p. 528, n. 50.
Election of Remedies, 20 C. J., p. 19, n. 25.
Mortgages, 27 Cyc., p. 1515, n. 45.
Payment, 30 Cyc., p. 1209, n. 4, p. 1221, n. 5.
Tender, 38 Cyc., p. 147, n. 8, 18.

From Multnomah: GEORGE TAZWELL, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. L. W. O'Rourke* and *Mr. Oren R. Richards*.

For respondent there was a brief over the name of *Mr. Charles Glos*, with an oral argument by *Mr. D. D. Hail*.

BURNETT, J.—The complaint in this action, besides a general averment as to the relationship of the parties and what is reasonable as an attorney fee, contains the following allegations:

"That on or about the 19th day of November, 1921, at the special instance, solicitation and request of the

defendants, and each of them, the plaintiff herein loaned the defendants, and each of them, the sum of $5,000, gold coin of the United States of America.

"That said loan was made for a period of three years from November 19, 1921.

"That said loan was to bear interest at the rate of 6½ per cent per annum from date, until paid.

"That said interest was to be paid semi-annually.

"That as a part of said conditions under which said money was loaned, it was understood and agreed that if the defendants or either of them failed to pay said interest, that the whole sum should become immediately due, payable and collectible.

"That the defendants agreed to and with the plaintiff herein that they were the owners of certain real and personal property and that they would not sell or assign, attempt to sell or assign, allow or suffer to be seized, attached or levied upon, any of the property which they then held, real or personal.

"That the defendants have failed and refused to keep their part of said agreement, in the following particulars:

"1. That they have failed, refused and neglected to pay the interest which was due on the 19th day of May, 1922 on said loan.

"2. That the defendants have attempted to sell and have sold certain property which they were the owners of both real and personal, on or about the 19th day of November, 1921.

"That the defendants, by their own acts and deeds, have violated their agreement."

The quoted averments of the complaint are denied by the answer, which also states "that all loans received from plaintiff by defendants have been repaid by defendants." The reply, in turn, traverses the new matter in the answer. As a result of a trial before the court without a jury, a judgment was entered dismissing the action on the ground that the same was premature, and the plaintiff has appealed.

We glean from the record that the defendants gave their note to the plaintiff for $5,000, under date of November 19, 1921, payable on or before three years after date, conditioned that the interest was to be paid semi-annually, "and if not so paid, the whole sum of both principal and interest to become due and collectable at the option of the holder of this note." At the time they secured the payment of the note by a chattel mortgage upon certain personal property owned by them, in which mortgage there was a condition to the effect that if the defendants should sell, or attempt to sell, or dispose of the property described in the mortgage, the note should become due and payable. It also appears that the first semi-annual installment of interest was due on May 19, 1922, and on the twenty-second day of that month the defendants sent to the plaintiff, and he received the same on the twenty-third day of the month, a check of the defendant C. S. Fuller, for $162.50, the amount of the interest then due. The plaintiff retained this check without objection until the twenty-sixth day of May, 1922, and on the following day commenced the action.

1. It should be noted that this proceeding is an action at law to collect the full amount of the debt, $5,000 and interest, in which the plaintiff relies not only upon the acceleration clause in the note, but also upon a similar condition in the mortgage. It is true that when two instruments are part of the same transaction they will be construed together as one contract, but when one brings an action at law upon the note, he is deemed to have waived the mortgage. We are remitted, therefore, to the consideration of the effect of the delivery of the check to the plaintiff and his retention of it for several

days before returning it.　Expressly, according to the letter of advice accompanying the check, which appears in the record, it was to be applied to the payment of the interest due on the $5,000 note.　In other words, the transaction was an attempt to pay the interest by check.

According to 38 Cyc. 147:

" * * the general rule now is that in case of money demands where the amount is liquidated, or capable of being made so by mere computation, and the damages are merely the interest, a tender may be made after default at any time before action."

2. So that the offer to pay the interest, although two or three days late, was yet effective because it was made before the commencement of the action upon the note.　Section 877, Or. L., reads thus:

"The person to whom a tender is made shall at the time specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards."

3. Governed by this section, the plaintiff should have "at the time" specified his objections to the check when offered, as it was, for payment of the amount of interest then due.　It appears that he said nothing and did nothing about the check except to return it just prior to the commencement of this action.　He is thus in the position of one who has received a check delivered to him in payment of a debt.　The rule on that subject is thus stated in *Phoenix Ins. Co.* v. *Allen,* 11 Mich. 501 (83 Am. Dec. 756), as embodied in the syllabus:

"Receipt by creditor, of draft, as conditional payment of debt, operates to suspend his right of action upon the debt, until the draft is properly presented for payment and payment refused, and imposes upon him the duty of doing everything with respect to the draft which is necessary to fix the liability of the parties, and the *onus* is upon him to show that he has performed that duty, when he seeks to recover upon the original cause of action."

Likewise, in *Comptoir D'Escompte de Paris* v. *Dresbach et al.,* 78 Cal. 15 (20 Pac. 28), the Supreme Court of California, speaking through Mr. Justice THORNTON, says:

"It has been repeatedly held by this court that the acceptance of a note for a debt does not discharge the debt unless expressly agreed to be payment; that in such case, the right of action on the debt is suspended until the maturity of the note given, and suit may be brought on the original debt in place of the non-payment of the accepted note."

Mr. Justice FIELD, speaking in *Griffith* v. *Grogan,* 12 Cal. 317, said:

"The taking of the note was no extinguishment of the debt due for the rent. It is a rule well settled and repeatedly recognized in this court that taking a note either of the debtor or of a third person for a pre-existing debt is no payment, unless it be expressly agreed to take the note as payment, and to run the risk of its being paid; or unless the creditor parts with the note, or is guilty of laches, in not presenting it for payment in due time. He is not obliged to sue upon it; he may return it when dishonored, and resort to his original demand. It only postpones the time of payment of the old debt until a default be made in the payment of the note."

Also, in *Blair* v. *Wilson,* 28 Gratt. (Va.) 171, 172, in speaking of payment by check, the court said:

" * * If the check be not paid, and the payee is without fault, his right of action against the drawer for the debt, which has been merely suspended by the giving of the check, revives, and he may have recourse to the drawer either upon the debt or upon the check, at his option."

4. Having taken the check without objection "at the time" when given, as it was, in payment of the interest, it was the plaintiff's duty to treat the check according to the due course of such commercial paper and present it for payment at the bank upon which it was drawn, giving prompt notice to the drawer in case of dishonor. If it had not been paid, he then could have returned it and pressed his original cause of action; but his retention of the check without objection postponed his right to commence his action. Checks are so universally employed in business transactions as a means of discharging debts that it would be intolerable to allow a creditor to take his debtor's check without objection and retain it without an effort to collect it for several days and then bring action on an accelerating clause when he had lulled his debtor into a sense of security. The Circuit Court was right in holding that the action was premature and in legal effect refusing to give sanction to the employment of the acceleration clause. The judgment is affirmed.

AFFIRMED.

MCBRIDE, C. J., and RAND and COSHOW, JJ., concur.