Argued March 12; affirmed April 8; rehearing denied June 17, 1930

# WEATHERLY *v.* HOCHFELD

(286 P. 588)

*Stephen W. Matthieu* of Portland (John F. Logan of Portland, on the brief) for appellant.

*Elton Watkins* of Portland (Johnston Wilson of Portland, on the brief) for respondent.

BELT, J. This is an action, before the court without a jury, to recover damages for conversion of certain personal property. In June, 1926, the plaintiff, who was engaged in the millinery business in the city of Portland, sold the same, together with certain furniture and fixtures used in connection therewith, to Clare Guttridge, Elva Guttridge and Lillian Blackwell, at an agreed price of $6,500. A payment of $2,500 was made on the purchase price and the balance, namely, $4,000, was evidenced by four promissory notes to secure the payment of which a chattel mortgage in favor of the plaintiff was executed, covering the furniture and fixtures. Soon after the sale, the purchasers, contemplating carrying on the millinery business, caused to be organized a corporation called ''The Elizabeth Shoppe, Inc.'' and the property was transferred to it subject to the mortgage which the company assumed and agreed to pay. The chattel mortgage was duly recorded in Multnomah county, June 30, 1926, being the date of the sale and prior to the organization of the corporation in which these three young women were officers. The business was conducted for approximately one year, but did not prosper. On default in payment of interest on the notes, plaintiff, in March, 1927, commenced an action thereon. In December of that year, a settlement was reached whereby, upon payment to the plaintiff of $2,250, the makers of the notes were released from all personal liability. It was expressly stipulated, however, that the plaintiff mortgagee ''reserves the right

and privilege of collecting any balance remaining unpaid to her on account of said notes * * * by proceeding in any manner against the personal property described in the chattel mortgage or against any other parties responsible therefor.'' Upon such settlement the court allowed a motion for voluntary nonsuit and dismissed the action without prejudice. About ten days prior to the action on the notes, The Elizabeth Shoppe, Inc., which had become seriously involved financially, was evicted for failure to pay rent. The furniture and fixtures, without knowledge or consent of the mortgagee, were stored with the Rudie Wilhelm Transfer company at its warehouse in the city of Portland. While the goods were thus in storage, a creditor of The Elizabeth Shoppe, Inc., commenced an action against it and caused the personal property in question to be attached. Judgment having been obtained, the property, on execution, was sold to the defendant for $127, which was the highest and best bid. Upon learning of this execution sale, plaintiff notified defendant of her claim of lien and made demand upon him to return the property in order that she might foreclose the chattel mortgage. Upon his refusal so to do, this action was commenced. Judgment for $1,250 was rendered in favor of the plaintiff and defendant thereupon appealed.

Defendant makes the following contentions: (1) That plaintiff, in bringing an action on the notes, waived her security under the chattel mortgage; (2) that there was an abandonment of the mortgage security when plaintiff released the makers of the notes in consideration of a payment of $2,250; (3) that plaintiff elected to bring an action on the notes and can not now invoke an inconsistent remedy by suing to foreclose the

mortgage; (4) that plaintiff is guilty of laches and is estopped by reason of her conduct to attack defendant's rights acquired by virtue of the execution sale; (5) that defendant is an innocent purchaser for value and without actual or constructive notice of the alleged chattel mortgage lien; and (6) that defendant is subrogated to the rights of the warehouse company on its lien for storage of the furniture and fixtures, since he paid such charges to the warehouse company. It is noteworthy, however, that, in defendant's motion for nonsuit and directed verdict, the sole reason assigned was that there was a waiver of the mortgage lien. We look with disfavor upon contentions made here which were not presented to the trial court for consideration. This is a court of review.

■ Did plaintiff, in bringing an action on the notes, waive the security under the chattel mortgage? At common law the mortgagee had the concurrent remedies of suing in equity to foreclose the mortgage and of bringing an action at law on the debt: 42 C. J. 84. As stated in Jones on Mortgages (8th Ed.), § 1565:

"Where there is no prohibition by statute the mortgagee may pursue all his remedies concurrently or successively. He may at the same time sue the mortgagor in an action at law on the note * * * and may maintain * * * a bill in equity to foreclose the mortgage."

In what way is the common law rule affected by our statute? Or. L., § 429, provides:

"During the pendency of an action at law for the recovery of a debt secured by any lien mentioned in section 422, a suit cannot be maintained for the foreclosure of such lien, nor thereafter, unless judgment be given in such action that the plaintiff recover such debt or some part thereof, and an execution thereon against

the property of the defendant in the judgment is returned unsatisfied in whole or in part."

It is certain that no suit could be maintained to foreclose the mortgage during the pendency of the action. If the action was, however, prosecuted to judgment and execution returned unsatisfied in whole or in part, the mortgagee could then look to his specific lien. In bringing an action at law and obtaining judgment, a general lien may be acquired on all of the property of the judgment creditor not exempt from execution. By so acting can it be said that he thereby waives his specific lien of the chattel mortgage? The whole doctrine of waiver is based upon the theory that the respective liens are essentially different and cannot co-exist: *Stein v. McAuley,* 147 Iowa 630 (125 N. W. 336, 27 L. R. A. (N. S.) 692, 140 Am. St. Rep. 332). In the instant case it should be borne in mind that the action was dismissed on motion of plaintiff for a nonsuit. The precise question was before this court in *Beals v. Harrison,* 111 Or. 147 (222 P. 736). It was contended there as here that, by the institution of the action and by electing to sue upon the promissory notes alone, the mortgage security was abandoned. Justice BURNETT, speaking for the court, refused so to hold and made this pointed observation:

"For aught that appears in the complaint, the plaintiff in the action may have taken a judgment of voluntary nonsuit, leaving her exactly where she was before the action was commenced."—citing Or. L., § 184.

*Beals v. Harrison,* supra, is authority for the proposition that there was no waiver of the mortgage security. No authority has been cited and we have been unable, after diligent search, to find any which holds to the contrary where judgment of voluntary nonsuit was granted. Attention has been directed to the broad

and, in the opinion of the writer, inaccurate statement of this court in *Hawkins v. Fuller*, 116 Or. 434 (240 P. 549), wherein it was said:

"* * * when one brings an action at law upon the note, he is deemed to have waived the mortgage."

The conclusion reached in that case was undoubtedly sound, but such statement can not be followed as a hard and fast rule, for to do so would be in direct violation of Or. L., § 429. Certainly the mere commencement of such an action does not constitute a waiver of security. The effect of the statute is to hold a concurrent remedy in equity in abeyance so long as an action at law is pending. There is conflict among the authorities in other jurisdictions where an attachment has issued in the action on the notes. This variance of the authorities may be explained to some extent by the fact that in some states the mortgagee is deemed to have the legal title, whereas in others, as in Oregon, the mortgage merely creates a lien in favor of the mortgagee: *Laam v. Green*, 106 Or. 311 (211 P. 791). Where legal title is vested in the mortgagee, it may well be argued that it is inconsistent for him to cause a writ of attachment to issue on the mortgaged property. An attachment under such circumstances is a recognition that the legal title is in the mortgagor. A person can not attach his own property. There is also good reason to contend that, even where the mortgage merely creates a lien in favor of the mortgagee, an attachment indicates an intention to waive or abandon the security, as, before the writ can issue in this state, the plaintiff must make affidavit (Or. L., § 296):

"either (1) that the payment of the same has not been secured by any mortgage, lien, or pledge upon real or personal property; or (2) that the same was secured

by a mortgage, lien, or pledge (as the case may be), but that such security has been rendered nugatory by the act of the defendant; * * *.''

No attachment is involved here and we reserve that question for decision when it arises. We have discussed it merely to show in what way many of the cases cited by appellant may be distinguished.

■■ There was no extinguishment of the mortgage indebtedness by reason of the release of the mortgagors from personal liability. Such release was merely personal and did not discharge the debt or the mortgage. It is plain from the contract of release that the mortgagee reserved the right to insist upon a payment of the balance of the indebtedness. Since The Elizabeth Shoppe, Inc., as grantee, assumed and agreed to pay the mortgage it became the principal debtor and the mortgagors were only sureties as to such indebtedness: Jones on Mortgages (8th Ed.), § 1261. As stated in 41 C. J. 785:

"The mortgage is not discharged if it is the intention of the parties to release the mortgagor's personal liability for it and not to extinguish the debt.''

■ We see no question of election of remedies involved. It is only when the remedies are inconsistent that the election to pursue one bars the other: 20 C. J. 6. As stated before, the right to bring an action on the notes or to sue for foreclosure of the mortgage cannot, by reason of the statute, be exercised concurrently, but, when the action is not pending and after execution is returned unsatisfied, the remedy in equity may be pursued.

■ Laches is not available as a defense for the reason, among others, that it was not pleaded: *Baillie v. Columbia Gold Mining Co.*, 86 Or. 1 (166 P. 965, 167 P. 1167). Furthermore, there is no evidence in the record

to support this defense. The same may be said relative to the question of estoppel. As stated in *Mahon v. Harney County National Bank,* 104 Or. 323 (206 P. 224):

"Before the defendant bank can avail itself of the defense of estoppel in an action at law, it must set forth with precision the facts constituting the estoppel, and must aver reliance thereon."

■ Neither do we think the defendant was an innocent purchaser. Had he consulted the records he would have been apprised of the fact that the property which he contemplated purchasing was encumbered by the chattel mortgage lien. He was content to inquire of the constable as to the existence of any lien. The mortgage was of record and the record conclusively imputed notice to the defendant of its contents and of plaintiff's rights thereunder. *Zorn v. Livesley,* 44 Or. 501 (75 P. 1057). In view of the small amount of defendant's bid we are led to the conclusion that he was willing to assume the risk. The defendant Hochfeld was an experienced merchant who dealt in secondhand furniture. It is highly improbable that he was misled.

There is no evidence that defendant paid the storage charges, hence his contention that he be subrogated to the rights of the warehouse company on its lien is without foundation.

We have carefully examined this record in its entirety and have reached the conclusion that the judgment of the lower court should be affirmed. It is so ordered.

Coshow, C. J., and Bean and Brown, JJ., concur.