Argued and submitted December 2, 1983, affirmed as modified June 6, appellant-cross-respondent Rock Creek's reconsideration denied July 13, respondent-cross-appellant Glaser's reconsideration denied July 27, petitions for review denied August 28, 1984 (297 Or 781)

GLASER,
*Respondent - Cross-Appellant,*

*v.*

ROCK CREEK COUNTRY CLUB, INC.,
*Appellant - Cross-Respondent,*
CAROTA,
*Respondent - Cross-Appellant,*
HARRIS et al,
*Intervenors - Appellants.*

ROCK CREEK COUNTRY CLUB, INC.,
*Appellant,*

*v.*

SAFECO TITLE INSURANCE COMPANY OF OREGON,
*Respondent.*

(A 7911 05297; CA A25397)

683 P2d 114

Warde H. Erwin, Portland, argued the cause for appellant - cross-respondent Rock Creek Country Club, Inc., and inter-venors - appellants Harris, Tallman and Barber. With him on the briefs was Erwin, Lamb & Erwin, Portland.

Gary M. Galton, Portland, argued the cause for respondent Safeco Title Insurance Company of Oregon. With him on the brief was Galton, Popick & Scott, Portland.

William J. Howe, III, Portland, argued the cause for respondent - cross-appellant Judith A. Glaser. With him on the brief was Howe & Harris, Portland.

John M. Berman, Portland, argued the cause for respondent - cross-appellant Thomas R. Carota. With him on the brief was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

### WARDEN, J.

Judith A. Glaser brought this action to reform a promissory note of defendant Rock Creek Country Club, Inc. (Rock Creek), executed by defendant Carota, and the trust deed of Rock Creek property securing the note. She sought judgment on the reformed note and foreclosure of the reformed trust deed. Defendants Harris, Tallman and Barber, major shareholders of Rock Creek, intervened. Defendant Carota filed a third party claim against Rock Creek and intervenors for indemnity. Rock Creek and intervenors filed several counterclaims against Carota, alleging outrageous conduct and fraud; Rock Creek also filed a third party claim against Safeco Title Insurance Company (Safeco), alleging slander of title.

During a complex series of pretrial motions, the trial court dismissed Rock Creek's claim against Safeco and awarded Safeco attorney fees pursuant to a provision in Safeco's policy of title insurance insuring Glaser. The issues of reformation of the note and trust deed, liability on the note and foreclosure of the trust deed were segregated for trial. After a trial to the court, judgment was entered against Rock Creek and Carota, reforming the note and trust deed, awarding Glaser judgment on the note, including interest and $40,000 in attorney fees, foreclosing the trust deed and awarding Glaser a deficiency judgment in the event that the proceeds of the sale on foreclosure were insufficient to satisfy the judgment. Later, on Carota's motion for partial summary judgment on the segregated issue of indemnity, the trial court entered judgment requiring Rock Creek to indemnify him and awarding him attorney fees. The court also dismissed Rock Creek's and intervenors' remaining counterclaims against Carota.

Rock Creek appeals from the judgment in favor of Glaser, assigning numerous errors, including the provision for a deficiency judgment. It also appeals the award of attorney fees to Safeco. Rock Creek and intervenors appeal the judgment of indemnity and the award of attorney fees to Carota and the dismissal of their counterclaims against him. Glaser cross-appeals, claiming that the award of $40,000 in attorney fees was inadequate.

We have considered all assignments of error raised by the parties and conclude that the only ones with merit are Rock Creek's assignment addressing the deficiency judgment and its assignment challenging the award of attorney fees to Safeco.

■ We first consider the deficiency judgment. The trust deed which served as the basis for the award was executed on May 11, 1979. The version of ORS 86.770 in effect at that time precluded such an award. ORS 86.770(2) (*amended by* Or Laws 1981, ch 811, § 1 and Or Laws 1983, ch 719, § 8). ORS 86.770(3), providing for a deficiency judgment when a commercial trust deed is foreclosed by judicial procedure, expressly is inapplicable to any trust deed executed before November 1, 1981. Or Laws 1981, ch 811, § 2. We therefore modify the judgment of the trial court to vacate the provision for a deficiency judgment in favor of Glaser and against Rock Creek.

■ Also, the award of attorney fees to Safeco from Rock Creek must be reversed. The trial court predicated that award on ORS 20.096(1), which provides for an award of attorney fees to the prevailing party in any action on a contract where the contract provides for such an award to either party, and on a provision in the policy of title insurance issued by Safeco to its insured, Glaser:

> "The Company will pay, in addition to any loss insured against by this policy, all cost imposed upon the Insured in litigation carried on by the Company for the Insured, and all costs and attorneys' fees in litigation carried on by the Insured with the written authorization of the Company."

Although one who is not a signatory party to a contract may recover attorney fees pursuant to the reciprocity provisions of ORS 20.096(1), *see Golden West Insulation v. Stardust Investment Co.,* 47 Or App 493, 615 P2d 1048 (1980), the underlying contract first must provide for an award of attorney fees to the prevailing party in an action on the contract. The contractual provision relied upon here is not such a provision; it is merely an indemnity provision running from Safeco to its insured. Had Rock Creek prevailed, it would not have been entitled under that provision to recover attorney fees against Safeco. *But see Golden West Insulation v. Stardust Investment Co., supra,* 47 Or App at 512. The trial

court erred in awarding Safeco fees pursuant to the contract and ORS 20.096.

The award of a deficiency judgment in favor of Glaser against Rock Creek is vacated; the judgment awarding attorney fees to Safeco from Rock Creek is reversed. In all other respects, the judgment of the trial court is affirmed.