Argued and submitted March 12, affirmed in part and reversed in part July 11, 1984

COTTAGE GROVE APARTMENT INVESTORS et al,
*Respondents,*

*v.*

BRANDENFELS et al,
*Defendants,*
*and*
BENNETT et al,
*Appellants.*

(16-82-02902; CA A27860)

684 P2d 1235

Lann D. Leslie, Eugene, argued the cause and filed the brief for appellants. With him on the brief were McGavic & Boyd, P. C., Eugene.

James P. Caher, Eugene, argued the cause and filed the brief for respondents Cottage Grove Apartment Investors and Cottage Grove Income Investors. With him on the brief was Armstrong, McCullen, Percy & Philpott, P. C., Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants Bennett appeal a judgment of foreclosure insofar as it provides that plaintiffs' attorney fees, costs and disbursements shall "survive" the sheriff's sale. We reverse.

Plaintiffs sued to foreclose a deed of trust dated July 1, 1977, from defendants Brandenfels as grantors, who had sold the property on contract to defendants Martin, who had assigned their interest to defendant James Bennett (Bennett). Plaintiffs' complaint alleged that the Martins had assumed and agreed to perform the Brandenfels' obligations in their secured note and deed of trust. Plaintiffs also alleged that, when Bennett took the assignment from the Martins, he had assumed and agreed to pay the obligations of Brandenfels.

Plaintiffs moved for summary judgment, ORCP 47, and for an order that any judgment for attorney fees, costs and disbursements shall "survive" the sheriff's sale. Their supporting affidavit states:

"On or about June 12, 1981, Defendant Jerry J. Martin and Dorothy J. Martin sold and conveyed the subject real property to Defendant James L. Bennett who, for valuable consideration, personally assumed and expressly agreed to pay and perform the obligations evidenced by the Note and Trust Deed being foreclosed herein."

The affidavit refers to agreements between defendants Martin and Bennett and states:

"By virtue of those assumption agreements, Defendants Jerry and Dorothy Martin and Defendant James Bennett became personally obligated, along with Defendant Brandenfels, for payment and performance of the Note and Trust Deed being foreclosed herein."

Defendants Bennett did not appear at the hearing on plaintiffs' motions or file any affidavit opposing them. The following exchange took place at the hearing:

"[Plaintiffs' counsel] * * * It is my understanding that the defendants Martin do not object to a decree foreclosing their interest. They do object to a judgment for attorney fees that would survive the foreclosure sale * * *.

"I have two motions before the Court. One requesting a summary judgment in favor of the plaintiffs, and the second providing that any attorney fee judgment in favor of the

plaintiffs shall survive the foreclosure sale of the property. The only affidavit submitted in opposition to our Motion for Summary Judgment is the affidavit submitted by Jerry Martin. * * *

"* * * * *

"* * * [I]t is our position that there is no personal liability on the part of Mr. and Mrs. Martin for our clients' debt. However, their interest in the property should be foreclosed * * *.

"That also makes the issue of a judgment for attorney fees which would survive the sale vis-a-vis the Martin's moot. * * * It doesn't make the issue moot with respect * * * to the defendant Bennett.

"* * * * *

"* * * I'm going to be candid with the Court. I don't have any Oregon case authority that would support that proposition. On the other hand, I have not found any Oregon case authority that would say that I'm not entitled to a judgment for attorney fees that would survive the sale against all of those defendants who had assumed and agreed to pay my clients' note and trust deed."

The court found:

"Defendants Martin did not covenant with Plaintiffs to assume or pay the note and trust deed being foreclosed by Plaintiffs."

It ordered:

"Plaintiffs' Motion for Summary Judgment is hereby granted except that Plaintiffs shall not have a judgment against Defendants Martin for principal, interest, costs or attorney fees.

"Plaintiffs' Motion for an Order Pertaining to Attorney Fees is hereby granted except that any judgment which may be awarded to Plaintiffs for costs, disbursements and attorney fees incurred herein shall survive the foreclosure sale of the subject Trust Deed as to Defendant James Bennett only."

The court then gave a summary judgment for plaintiffs. It provides in paragraph one for judgment against the Brandenfels and Bennett for a principal sum of $288,565.63 and interest. It provides in paragraph two for

"judgment against * * * Defendant James L. Bennett * * * for Plaintiffs' costs, disbursements and reasonable attorney

fees incurred herein to be taxed. This judgment for costs, disbursements and attorney fees against said Defendants shall bear interest at 9.25% per annum from the date of its entry. This judgment for costs, disbursements and attorney fees shall survive the Sheriff's sale of the subject property as to Defendant Bennett only and execution shall issue thereon prior to or following said Sheriff's sale."

The judgment also provides for foreclosure of the deed of trust by judicial sale and for application of the proceeds of the sale toward satisfaction of the judgment in paragraph one and then toward satisfaction of the judgment in paragraph two. Subsequently the sheriff sold the secured real property at judicial sale. The proceeds of the sale were applied to satisfy in full plaintiffs' judgment in paragraph one but not to satisfy any portion of plaintiffs' judgment in paragraph two for attorney fees, costs and disbursements. Plaintiffs then sought to enforce that judgment of $11,796.60, plus interest, against Bennett.

Defendants Bennett assign as error that the court ordered that the judgment against Bennett for attorney fees, costs and disbursements survives the sheriff's sale. That order is reviewable. ORS 19.140. We interpret the assignment of error also to challenge that portion of the summary judgment that gave plaintiffs judgment against Bennett for attorney fees, costs and disbursements to survive the sheriff's sale.

Defendants Bennett assert that the trust deed statute does not authorize a judgment for attorney fees, costs and disbursements against Bennett to survive the sheriff's sale. We agree. When the note and deed of trust were executed on July 1, 1977, ORS 86.770(2) provided:

"When a sale is made by a trustee under ORS 86.705 to 86.795, or under a judicial foreclosure, no other or further action, suit or proceedings shall be taken, nor judgment entered for any deficiency, against the grantor or his surety, guarantor, successor in interest, if any, on the note, bond or other obligation secured by the trust deed or against any other person obligated on such note, bond or other obligation."

The Bennetts are successors in interest to the grantees, the Brandenfels. The portion of the judgment that is for attorney fees, costs and disbursements and was not satisfied from the proceeds of the sheriff's sale is a "deficiency judgment."

Plaintiffs assert, however, that the judgment for attorney fees, costs and disbursements is not a deficiency judgment "on the * * * obligation secured by the trust deed." They rely on ORS 86.765:

"The trustee shall apply the proceeds of the trustee's sale as follows:

"(1)    To the expenses of the sale, including the compensation of the trustee, and a reasonable charge by the attorney.

"(2)    To the obligation secured by the trust deed.

"(3)    To all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interests may appear in the order of their priority.

"(4)    The surplus, if any, to the grantor of the trust deed or to his successor in interest entitled to such surplus."

Plaintiffs argue that, because ORS 86.765(1) refers to the "expenses of the sale, including the compensation of the trustee, and a reasonable charge by the attorney," their attorney fees, costs and disbursements cannot be an "obligation secured by the trust deed" referred to in ORS 86.765(2) or, therefore, in ORS 86.770(2). They argue that, consequently, a deficiency judgment for attorney fees, costs and disbursements is not a "deficiency judgment" that the statute forbids.

We do not agree. ORS 86.765(1) refers only to the expenses of a "trustee's sale" and the compensation of the trustee and his attorney. Here we have a judicial foreclosure and sheriff's sale, and the attorney fees, costs and disbursements claimed are those of the plaintiff beneficiaries and their attorney.

Moreover, in paragraph 7 of the deed of trust the grantor agrees:

"[I]n any suit, action or proceeding in which the beneficiary or trustee may appear, including any suit for foreclosure of this deed, *to pay all costs and expenses including * * * the beneficiary's or trustee's attorneys fees;* the amount of attorneys fees mentioned in this paragraph 7 in all cases shall be fixed by the trial court and in the event of any appeal from any judgment or decree of the trial court, grantor further agrees to pay such sum as the appellate court shall judge reasonable as the beneficiary's or trustee's attorneys fees on such appeal." (Emphasis supplied.)

In paragraph 5 the grantor agrees to pay taxes, assessments, insurance premiums or other charges payable by the grantor, but the beneficiary may, at its option, make payment thereof

"and the amount so paid, with interest at the rate set forth in the note secured hereby, *together with the obligations described in paragraphs 6 and 7 of this trust deed, shall be added to and become part of the debt secured by this trust deed,* without waiver of any rights arising from the breach of any of the covenants hereof and for such payments, with interest as aforesaid, the property herein-before described, as well as the grantor, shall be bound to the same extent that they are bound for the payment of the obligation herein described, and all such payments shall be immediately due and payable without notice, and the nonpayment thereof shall, at the option of the beneficiary, render all sums secured by this trust deed immediately due and payable and constitute a breach of this trust deed." (Emphasis supplied.)

Accordingly, the attorney fees, costs and disbursements that plaintiffs incurred in connection with this judicial foreclosure and sale are an "obligation secured by the trust deed."

The portion of the judgment for plaintiffs' attorney fees, costs and disbursements remaining unsatisfied after application of the proceeds from the sheriff's sale constitutes a "deficiency judgment" that ORS 86.770(2) forbids. *See Glaser v. Rock Creek Country Club, Inc.,* 68 Or App 536, 683 P2d 114 (1984); *Siuslaw Valley Bank v. Canfield Assoc., Ore. Ltd,* 64 Or App 198, 667 P2d 1035 (1983). The court erred, as a matter of law, in providing that plaintiffs' judgment for attorney fees, costs and disbursements against Bennett survives the sheriff's sale.

Reversed insofar as judgment provides that plaintiffs' judgment for attorney fees, costs and disbursements survives the sheriff's sale; affirmed in all other respects.