Argued and submitted November 5, 1982, affirmed August 10, 1983

# SIUSLAW VALLEY BANK, INC.,
*Respondent,*

*v.*

# CHRISTOPHER H. CANFIELD ASSOCIATES, OREG., LTD. et al,
*Defendants,*
## MORRISON et al,
*Appellants.*

(16-80-10117; CA A24721)

667 P2d 1035

H. Thomas Andersen, Eugene, argued the cause for appellants Ibison. With him on the brief was Speer, Jones & Andersen, Eugene.

Appeal dismissed on July 21, 1982, as to appellants Morrison.

Dwight Ronald Gerber, Florence, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendants Ibison appeal from an order of "partial summary judgment,"[1] which simultaneously foreclosed a trust deed, foreclosed a security interest in a certificate of deposit given by them as additional security for the same debt and declared defendants Ibison to be liable as guarantors of the underlying note. They also appeal from the dismissal of their counterclaim against plaintiff bank for conversion of the certificate of deposit. We affirm.[2]

On August 24, 1977, plaintiff loaned $76,000 to Christopher H. Canfield Associates, Oregon, Ltd. (Canfield) and Cerro Gordo Cooperative, Inc. (Cerro Gordo). The loan was evidenced by a promissory note in the amount of $76,000, due August 24, 1978, and was secured by a trust deed in which plaintiff was the beneficiary. On October 5, 1977, the Ibisons signed a guarantee, by which they guaranteed plaintiff, to the extent of $86,000, that Cerro Gordo would repay its loan from plaintiff in accordance with its terms. On October 24, 1977, the Ibisons deposited with plaintiff $13,000 represented by a certificate of deposit, which they assigned to plaintiff as additional security for plaintiff's loan to Cerro Gordo and Canfield. Cerro Gordo and Canfield failed to pay any amount on the loan principal and paid no interest thereon after January 1, 1979.

In October, 1980, plaintiff filed this action, seeking (1) to foreclose the trust deed as a mortgage, (2) to foreclose defendants Ibison's interest in their $13,000 certificate of deposit and (3) to obtain a judgment against defendants, including the Ibisons as guarantors, for the principal amount of the note, plus interest and attorney fees. The court granted plaintiff's motion for "partial summary judgment" and granted judgment against the borrowers for the amount of the note, plus costs and attorney fees, foreclosed all of the interests of defendants Canfield, Cerro Gordo and Cohen in the real property, allowed foreclosure of plaintiff's security interest in the $13,000 certificate of deposit of the Ibisons and gave plaintiff judgment against the Ibisons only in the sum of $86,000 on

---

[1] The order is so characterized; however, it disposes of all issues as to all parties, and is, in fact, a final judgment.

[2] Defendants Morrison filed a notice of appeal and then dismissed their appeal. We are concerned only with the appeal of defendants Ibison.

their guarantee. However, the court ordered that the proceeds from the $13,000 certificate of deposit be applied immediately against the judgment against the borrowers and provided that plaintiff could, at its option, between the date of the entry of that judgment and the time of the sheriff's sale, enforce the written guarantee through "appropriate legal process."

The Ibisons' first contention is that plaintiff "elected" the remedy of foreclosure and, therefore, is barred from recovery on the certificate of deposit and the guarantee. As a general rule, however, when there is no prohibition by statute, a mortgagee may pursue all remedies, available to him, concurrently or successively. *Jesse et ux. v. Birchell et ux.,* 198 Or 393, 257 P2d 255 (1953); *Weatherly v. Hochfeld,* 133 Or 136, 139, 286 P 588 (1930). Of course, the loan documents could preclude the creditor from pursuing all of his remedies, but no such contention is made here. Rather, the Ibisons attempt to rely on a statutory prohibition, but have not cited any statute that specifically requires an election of remedies in this case. They rely, by analogy, on ORS 86.735, but that statute sets forth the circumstances under which a trustee may proceed by advertisement and sale; it does not govern judicial foreclosure of a trust deed.

They also contend that ORS 88.040[3] precludes plaintiff from proceeding against them while it is seeking judicial foreclosure. We understand that statute to prohibit a foreclosure suit from being commenced during the pendency of an action for the recovery of a debt secured by the lien, or even after the action, unless the debt remains unsatisfied wholly or partly after execution on the judgment in that action. Obviously, that statute does not require an election of remedies or say that an election has been made by commencing the action on the debt. Here, all claims were asserted in one proceeding, and if there is a problem it is that plaintiff obtained a judgment against the borrowers for the amount of the debt and against the Ibisons for the full amount of their guarantee,

---

[3] ORS 88.040 provides:

"During the pendency of an action for the recovery of a debt secured by any lien mentioned in ORS 88.010, a suit cannot be maintained for the foreclosure of the lien, nor thereafter, unless judgment is given in such action that the plaintiff recover the debt or some part thereof, and an execution thereon against the property of the defendant is returned unsatisfied in whole or in part."

which appears to be greater than the judgment against the borrowers. However, the order specifically limited plaintiff's right to effect collection against the Ibisons to the period between the date of the judgment and the date of the sheriff's sale. Because the sale has taken place, plaintiff's right to go against the Ibisons has expired by the express terms of the judgment.

The Ibisons also rely on ORS 86.770(2),[4] which provides:

> "* * * [W]hen a *sale* is made by a trustee under ORS 86.705 to 86.795, or under a judicial foreclosure, *no other or further action,* suit or proceedings shall be taken, *nor judgment entered for any deficiency, against the grantor or the grantor's surety,* guarantor or successor in interest, if any, on the note, bond, or other obligation secured by the trust deed *or against any other person obligated on such note,* bond or other obligation." (Emphasis supplied.)

That statute only precludes further action on a debt *after* a sale is made by a trustee or under judicial foreclosure. It does not prohibit a plaintiff from joining in one proceeding, as plaintiff did here, an action on the underlying debt and one or more claims against persons who have provided additional security or have guaranteed the debt, with the ultimate relief being judicial foreclosure of the trust deed. However, once the sale has occurred, the creditor may not proceed further. Because no statutory or contractual prohibition exists, plaintiff was not required to elect a remedy and did not do so by seeking foreclosure.[5]

■      Secondly, the Ibisons contend that the trial court had no authority to permit plaintiff to foreclose its trust deed and, at the same time, permit it to apply the proceeds from the certificate of deposit. They argue that the effect of the trial court

---

[4] ORS 86.770(2) was *amended by* Or Laws 1981, ch 811, § 1.

[5] The Ibisons point out that plaintiff obtained a partial interlocutory decree against defendant Cohen. That order determined that Cohen's interest was junior to that of plaintiff and foreclosed Cohen's interest "in the property sold;" it went on to provide that the "terms of foreclosure as to the real property, and application of the proceeds" will be set forth in the final decree of foreclosure. The effect of that interlocutory order was to determine that plaintiff's interest in the property was superior to Cohen's interest and that, if and when the property was sold pursuant to a final decree, Cohen would have no further interest other than his statutory right of redemption. That order did not constitute an election of remedies by plaintiff; it was only a step toward effectuating foreclosure, which might never have been accomplished.

order is to permit a deficiency judgment, contrary to the provisions of ORS 86.770(2) quoted above. The statute is clear and unambiguous. The proscription against other actions, suits or proceedings, or deficiency judgments, arises only after a sale, either by a trustee or under a judicial foreclosure. The trial court in this case complied strictly with the statute. It authorized foreclosure of the security interest in the certificate of deposit and required that the amount obtained therefrom be applied to the underlying debt and that a partial satisfaction of that judgment be filed. In granting foreclosure of the trust deed, the court permitted plaintiff, at its option, to attempt to effect collection on the guarantee between the date of the order and the date of the sale. The order does not allow plaintiff to collect anything on the guarantee after the foreclosure sale.

Nothing in the statute prohibits a lender, secured by a trust deed, from realizing on additional security given for the loan, if it is done prior to the judicial sale of the property covered by the trust deed. However, any amount obtained from the additional security must be credited to the underlying debt, and if the amount obtained from the foreclosure sale exceeds the balance of the judgment for the underlying debt, the excess must be deposited with the court for distribution to those who are entitled to it. If proceeds from the sale do not satisfy the balance of the judgment, no deficiency judgment may be obtained and no other action may be taken. ORS 86.770(2).

Affirmed.