Argued and submitted November 5, 1984, reversed and remanded March 20, reconsideration denied May 10, petition for review denied July 2, 1985 (299 Or 443)

## FAMILY BANK OF COMMERCE,
*Appellant,*

*v.*

## NELSON,
*Respondent.*

## (83-474-NJ-3; CA A31307)

697 P2d 216

Raymond H. Salisbury, Grants Pass, argued the cause for appellant. On the briefs were Steven P. Medley, and Schultz, Salisbury, Cauble & Medley, Grants Pass.

Donald H. Coulter, Grants Pass, argued the cause for respondent. With him on the brief was Myrick, Coulter, Seagraves, Myrick & Adams, Grants Pass.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff brought an action for the judicial foreclosure of a trust deed and a deficiency judgment. Before trial, plaintiff moved to amend its complaint to be an action on the note secured by the trust deed. The trial court denied the motion to amend and granted a decree of foreclosure, but not a deficiency judgment. Plaintiff appeals and assigns as error the denial of the motion. We reverse.[1]

In March, 1982, defendant signed a promissory note to extend a loan made by plaintiff to defendant. The note was secured by a trust deed on defendant's duplex. When the note was signed, the duplex was rented to third parties.

Defendant defaulted on the note, and in February, 1983, plaintiff filed a complaint to foreclose the trust deed. In September, defendant informed plaintiff that she and her son then occupied the duplex and claimed the benefit of *former* ORS 86.770.[2] In December, plaintiff moved to amend its complaint to be an action on the note. The motion was denied. The foreclosure action was tried, and a decree of foreclosure was granted.

■ When plaintiff commenced the foreclosure action, the duplex was rented to third parties. Plaintiff considered the trust deed to be a "commercial trust deed" as defined by *former* ORS 86.770(4), which would entitle plaintiff to a deficiency judgment under *former* ORS 86.770(3). Before trial, defendant and her son claimed the duplex as their "primary residence." The effect of that action was to transform the

---

[1] This result moots plaintiff's remaining assignment of error.

[2] *Former* ORS 86.770 provided in part:

"(3) Where the trust deed being foreclosed is a commercial trust deed and where the trust deed is foreclosed by judicial procedure, following any sale under judicial foreclosure, the beneficiary may bring actions, suits, and proceedings against the grantor and any surety, guarantor, successor in interest, and any other person obligated on the obligation, for any amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary.

"(4) As used in this section, 'commercial trust deed' means a trust deed covering real property, which, at the time of entry of the decree foreclosing the trust deed, is not occupied by the grantor, the grantor's spouse or the grantor's child as the primary residence of such person." *Amended* by Or Laws 1983, ch 719, § 8.

commercial deed into a non-commercial trust deed under *former* ORS 86.770(4). Because *former* ORS 86.770(2) precluded a deficiency judgment in connection with the foreclosure of a non-commercial trust deed, plaintiff moved to amend its complaint to be an action solely on the note.

The trial court did not state why it denied the motion. In the trial court, defendant argued that, by filing the complaint to foreclose, plaintiff had elected its remedy and so an action on the note was barred. On appeal, defendant recasts her argument and further contends that the denial of the motion was within the trial court's discretion under ORCP 23A.

The beneficiary of a trust deed has the option to foreclose "as provided by law for the foreclosure of mortgages on real property." ORS 86.710(1). The law of mortgages governs the foreclosure, except when that law is inconsistent with the trust deed act. ORS 86.715. We first determine whether the trust deed act or the law of mortgages precludes plaintiff from amending its complaint to foreclose a non-commercial trust deed to be an action on the note.[3]

■■ The doctrine of election of remedies is to prevent double recovery for a single wrong. As a general rule, an election is not made until a judicial proceeding has gone to judgment. *Colonial Leasing Co. v. Tracy,* 276 Or 1193, 1196, 557 P2d 639 (1976). Defendant does not cite any provision of the trust deed act that requires a plaintiff to elect a remedy or that an election is made when the beneficiary files a complaint. *Former* ORS 86.770(2) is instructive:

> "[Except in the case of a commercial trust deed] when a sale is made by a trustee under ORS 86.705 to 86.795, or under judicial foreclosure, no other or further action * * * shall be taken, nor judgment entered for any deficiency * * * on the note * * * secured by the trust deed."

*Siuslaw Valley Bank v. Canfield Assoc. Ore. Ltd.,* 64 Or App 198, 202, 667 P2d 1035 (1983), construed the statute and stated:

> "[ORS 86.770(2)] only precludes further action on a debt

---

[3] Defendant does not claim that the provisions of the trust deed or the note prevent plaintiff from pursuing all available remedies.

*after* a sale is made by a trustee or under judicial foreclosure."
(Emphasis in original.)

A sale is preceeded by a decree of foreclosure authorizing the sale. ORS 88.080.

■      We turn to the law of mortgages. As a general rule, when there is no statutory prohibition, a mortgagee may pursue all available remedies, concurrently or successively. *Jesse v. Birchell,* 198 Or 393, 257 P2d 255 (1953); *Weatherly v. Hochfield,* 133 Or 136, 139, 286 P2d 588 (1930); *Siuslaw Valley Bank v. Canfield Assoc. Ore. Ltd., supra,* 64 Or App at 201.

■      A purchase money mortgagee, like the beneficiary of a non-commerical trust deed, is not entitled to a deficiency. The mortgagee's remedies are limited by ORS 88.070:

> "When a decree is given for the foreclosure of any mortgage given to secure payment of the balance of the purchase price of real property, the decree shall provide for the sale of the real property covered by such mortgage for the satisfaction of the decree given therein, but the mortgagee shall not be entitled to a deficiency judgment on account of the mortgage or note or obligation secured by the same."

The statute has been construed to mean that a purchase money mortgagee may foreclose the mortgage, in which case an action on the debt is barred, or obtain a judgment on the debt, in which case the mortgage lien is lost. *Banteir v. Harrison,* 259 Or 182, 186, 485 P2d 1073 (1971); *Ward v. The Beem Corp.,* 249 Or 204, 209, 437 P2d 483 (1968). To that extent, ORS 88.070 is like *former* ORS 86.770(2) as construed by *Siuslaw Valley Bank v. Canfield Assoc. Ore. Ltd., supra.*

The question becomes whether the filing of a complaint to foreclose a non-commercial trust deed constitutes an election which bars the later pleading of an action on the note. We hold that it does not.

We believe, consistent with the general rule that an election is not made until the proceeding has gone to judgment, *Colonial Leasing Co. v. Tracy, supra,* that plaintiff did not irrevocably elect to foreclose when, before a decree of foreclosure, the foreclosure remedy was abandoned in favor of an action on the note.

In *Beals v. Harrison,* 111 Or 147, 222 P 736 (1924), the

plaintiff sued to cancel a purchase money mortgage. The complaint alleged that defendant had commenced an action on the underlying notes and argued that that constituted a waiver of the mortgage. The Defendant's demurrer was overruled. The Supreme Court reversed, holding that plaintiff's complaint did not allege an election of remedies. The court held that the complaint only alleged the commencement of an action on the note and, because defendant could have subsequently taken a voluntary non-suit,[4] which would not constitute an election, the complaint was defective and the demurrer should have been sustained.

Similarly, in *Jesse v. Birchell, supra,* the plaintiffs commenced an action on a promissory note and a writ of attachment issued. Before any property was attached, the plaintiffs took an order of voluntary non-suit. The plaintiff then brought suit to foreclose the mortgage. The defendants claimed that, by filing an action on the note and filing an affidavit for attachment, the plaintiffs had made an election to bring an action on the note. The court disagreed, relying on *Union Trust Co. of Spokane v. Wiseman,* 10 F2d 588 (D Or 1926), where the plaintiff, as the holder of a purchase money mortgage, had commenced a foreclosure suit. The plaintiff then dismissed the suit and brought an action on the note. The defendant claimed that, by commencing the foreclosure suit, the plaintiff had made an election. The court said:

> "It is now obvious that the remedies here under discussion are not of such a nature that the adoption of the one was the negation or repudiation of the other. They, in other words, are not so inconsistent that the institution of the suit to foreclose was a disaffirmance of the right to sue upon the note. The plaintiff simply has two coexisting remedies, with the right and privilege of choosing either mode of redress; but, when he makes his choice, the act of doing so cannot, in view of the character of the remedies, be construed or held to be a negation or disaffirmance of the other. *So the remedies are not inconsistent in the sense that the adoption of the one will preclude resort to the other.* What would be the effect, if the one adopted were carried to final determination, must be ascertained by what has proceeded in the discussion of the Oregon cases." (Emphasis in original.) *Jesse v. Birchell, supra,* 198 Or at 401.

---

[4] The voluntary non-suit would now be a dismissal under ORCP 54.

*Ward v. The Beem Co., supra,* is a case in which the remedy of foreclosure was carried to final determination, which resulted in barring a later action on the note. The plaintiff mortgagor sued to secure a declaratory judgment that defendants' purchase money second mortgage had been discharged by a previous foreclosure. The first mortgagee had previously brought a foreclosure suit, made the defendants parties and prayed that on sale any excess be paid to the defendants. The defendants answered and prayed that their second mortgage be declared a valid lien and that, after the sale, any excess be applied in payment of their mortgage. A decree of foreclosure was entered which recognized the defendants' mortgage and ordered payment of any excess. After the sale, the defendants received payment of part of the excess. The court declared that the defendants had made an election of remedies, because their answer prayed for foreclosure and that they in fact did receive some of the excess sale proceeds. The court determined that it was an election, even though the foreclosure decree did not expressly provide that the defendants' mortgage was foreclosed.

*Union Trust Co. of Spokane v. Wiseman, supra,* was later cited with approval in *Banteir v. Harrison, supra,* where the plaintiffs had sued for the specific performance of an agreement to convey an interest in a tavern or, alternatively, for a judgment for $1,400, the balance due on a promissory note representing the purchase price. The trial court denied specific performance but awarded the plaintiffs a judgment for $1,400. The Supreme Court decided that the agreement was a security agreement and that the plaintiffs were in the same status as purchase money mortgagees. The court noted that plaintiffs were entitled to proceed against the security or to seek recovery on the note and stated:

> "[T]he plaintiffs were not seeking two remedies['] * * * the recovery of the defendant's interest in the tavern plus a judgment on the note. The plaintiffs did not elect the remedy of foreclosure which would have precluded them from recovering a judgment on the note. *Ward v. The Beem Co.,[supra];  Wright v. Nothnagel,* 163 Or 156, 160, 96 P2d 228 (1959).[5] While the plaintiffs' suit requested a conveyance to plaintiffs

---

[5]In *Wright v. Nothnagel, supra,* the court applied some overbroad language unnecessary to the decision and suggested that the filing of a complaint for foreclosure constituted an election. 163 Or at 160. *Wright,* however, involved a situation where the

of defendant's interests in the tavern, the plaintiffs' complaint also requested the alternative relief of recovery on the note in the event plaintiffs were not entitled to a conveyance of defendant's interest. This did not constitute an election to pursue the remedy of foreclosure. *Union Trust Co. of Spokane v. Wiseman, [supra]*." 259 Or at 187.

■    In view of the foregoing, we hold that, by filing the complaint to foreclose the non-commercial trust deed, plaintiff did not elect the remedy of foreclosure, and it was not barred from amending its complaint to be an action on the note. If the trial court denied plaintiffs' motion to amend its complaint on that basis, it was in error.

■    We turn to defendant's alternative argument under ORCP 23A.[6] The rule vests in the trial court broad discretion to decide whether to allow a party to amend its pleadings. In the present case, defendant fails to demonstrate any prejudice that would be caused by plaintiff amending its complaint. In fact, allowing the amendment would have simplified the proceeding, because the amended complaint would have converted the action to one on a promissory note and there would have been no need to offer evidence concerning defendant's claim that the duplex was her primary residence. If the trial court's ruling was predicated on ORCP 23A, it abused its discretion.

Reversed and remanded.

---

elected remedy proceeded to a decree of foreclosure and a final determination.

[6] ORCP 23A provides in part:

"A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."