Argued and submitted January 13, affirmed February 22, 1989

# BARCLAYSAMERICAN/FINANCIAL, INC.,
## *Respondent,*
### *v.*
# BOONE et al,
## *Appellants.*

### (16-88-01460; CA A49530)
768 P2d 439

Asa L. Lewelling, Salem, argued the cause for appellants. With him on the brief was Carlton P. Loennig, Portland.

Victor C. Pagel, Salem, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff moved for a summary judgment in this action on a promissory note executed by defendants. Defendants did not deny they were in default, but contended that plaintiff had elected the remedy of non-judicial foreclosure of a trust deed securing the note before filing its complaint. The trial court granted plaintiff's motion. Defendants appeal, and we affirm.

Defendants argue that, once a non-judicial foreclosure of a trust deed is commenced pursuant to ORS 86.735 *et seq,* there is a statutory prohibition against abandonment in favor of an action on the note because of the doctrine of election of remedies. They reason that ORS 86.770 dictates that result because it is a trade-off that permits the beneficiary to realize on the security by sale without being subject to redemption rights in exchange for giving up the right to a deficiency judgment.

The doctrine of election of remedies is designed to prevent double recoveries. Accordingly, we hold that an election of the remedy of a non-judicial foreclosure occurs only upon sale. ORS 86.770(2).[1] *See Family Bank of Commerce v. Nelson,* 72 Or App 739, 742, 697 P2d 216 (1985); *Siuslaw Valley Bank v. Canfield Assoc. Ore. Ltd.,* 64 Or App 198, 202, 667 P2d 1035 (1983). Because plaintiff abandoned its non-judicial foreclosure proceeding before sale, no election of remedies occurred.

The remaining assignments of error are without merit.

---

[1] ORS 86.770(2) provides:

"When a sale is made by a trustee under ORS 86.705 to 86.795, or under a judicial foreclosure, no other or further action shall be brought, nor judgment entered for any deficiency, against the grantor or the grantor's surety, guarantor or successor in interest, if any, on the note, bond, or other obligation secured by the trust deed or against any other person obligated on such note, bond or other obligation, except:

"(a) As provided in subsection (3) of this section; or

"(b) An action judicially or nonjudicially foreclosing any other trust deeds, mortgages, security agreements or other consensual or nonconsensual security interests or liens covering any other real or personal property security for the note, bond or other obligation secured by the trust deed under which a sale has been made."

Affirmed.