## BARCLAYSAMERICAN/FINANCIAL, INC.,
*Respondent,*

*v.*

## BOONE et al,
*Appellants.*

(16-88-01460; CA A49530)

773 P2d 1338

Asa L. Lewelling, Salem, and Carlton P. Loennig, Portland, for petition.

No appearance *contra.*

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

On appellants' petition for review, we grant reconsideration for the purpose of addressing an argument that was not discussed in our opinion. 95 Or App 347, 768 P2d 439 (1989).

Appellants argue that an irrevocable statutory election occurred when plaintiff filed a document with the county clerk entitled "Notice of default, election to sell, appointment of Successor Trustee." They point to the language of ORS 86.735(3)[1] and also cite ORS 86.753[2] for the proposition that, once an election is made to pursue the statutory remedy of non-judicial foreclosure of a trust deed, the trustee may not abandon that remedy for another. However, ORS 86.705 to ORS 86.795 contain no specific statutory prohibition against discontinuing a non-judicial foreclosure proceeding and initiating a different remedy.[3] Furthermore, ORS 86.753 pertains

---

[1] ORS 86.735(3) provides:

"The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:

"* * * * *

"(3) The trustee or beneficiary has filed for record in the county clerk's office in each county where the trust property, or some part of it, is situated, a notice of default containing the information required by ORS 86.745 and containing the trustee's or beneficiary's *election* to sell the property to satisfy the obligation * * *."

[2] ORS 86.753 provides:

"(1) Where a trustee has commenced foreclosure of a trust deed by advertisement and sale, the grantor, the grantor's successor in interest to all or any part of the trust property, any beneficiary under a subordinate lien or encumbrance of record on the property, may cure the default or defaults at any time prior to five days before the date last set for the sale. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at the time of cure under the terms of the obligation, other than such portion as would not then be due had no default occurred. Any other default of the trust deed obligation that is capable of being cured may be cured by tendering the performance required under the obligation or trust deed. In any case, and in addition to paying the sums or tendering the performance necessary to cure the default, the person affecting the cure shall pay to the beneficiary all costs and expenses actually incurred in enforcing the obligation and trust deed, together with trustee's and attorney fees not exceeding[.]

"* * * * *

"(2) After cure of the default under subsection (1) of this section, all proceedings under ORS 86.740 to 86.755 shall be dismissed by the trustee, and the obligation and trust deed shall be reinstated and shall remain in force the same as if no acceleration had occurred." (Emphasis supplied.)

[3] Statutes are to be construed according to their "plain meaning." *Satterfield v.*

only to curing a default and reinstating a trust deed. It does not speak to the issue framed by defendants' appeal.

As we said in our original opinion, the doctrine of election of remedies applies only when the possibility of a double recovery exists. In a non-judicial foreclosure of a trust deed, the sale is the event that creates a potential for a double recovery. Until that occurs, there is nothing in the statutory language or its underlying policy that prohibits a trustee from abandoning a non-judicial foreclosure and pursuing another remedy.

Reconsideration allowed; former opinion adhered to.

---

*Satterfield,* 292 Or 780, 782, 643 P2d 336 (1980). If the legislature had intended the "election" in ORS 86.735(3) to be irrevocable, it would have said so. The context of the use of the word "election" is the trustee's or beneficiary's discretionary decision to sell the property to satisfy the obligation.