# BECKHUSON,
*Appellant,*

*v.*

# FRANK et al,
*Respondents.*

(A8508-05456; CA A45662)

775 P2d 923

David P. Roy, Portland, argued the cause for appellant. With him on the briefs were Kerry M. Smith and Rappleyea, Beck, Helterline, Spencer & Roskie, Portland.

Theodore H. Heap, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff brought this action on a promissory note. The case was tried to the court and, in response to plaintiff's timely request pursuant to ORCP 62, the trial court made special findings of fact and conclusions of law. The trial court held that the trust deed securing the note limited plaintiff's remedies to judicial or nonjudicial foreclosure of the trust deed and granted judgment for defendants. We reverse.

We take the facts from the trial court's findings. On August 10, 1981, defendants purchased three rental homes in Portland from plaintiff for the total price of $65,000. They executed a promissory note in favor of plaintiff for that amount, payable in equal monthly payments of $668.85 per month, with the right in plaintiff to accelerate the balance in the event of default. They also executed a trust deed, to which the note referred, requiring a balloon payment of all outstanding principal and interest on September 10, 1984. Paragraph 12 of the trust deed provides:

> "Upon default by grantor in payment of any indebtedness secured hereby or in his performance of any agreement hereunder, the beneficiary may declare all sums secured hereby immediately due and payable. In such event the beneficiary at his election may proceed to foreclose this trust deed in equity as a mortgage or direct the trustee to foreclose this trust deed by advertisement and sale."[1]

Defendants failed to make the balloon payment when due, but plaintiff did not seek to strictly enforce that provision at that time. Defendants made no monthly payments thereafter until January, 1985, after plaintiff asked why those payments were not being made. Plaintiff accepted monthly payments for January, February and March, 1985, but rejected two payments made in May and one in June for the months of April, May and June. On July 12, 1985, plaintiff, through his attorneys, declared defendants to be in default on

---

[1] The court "found" that Paragraph 12 "unambiguously limits plaintiff's remedies to judicial or nonjudicial foreclosure of the trust deed." We treat that statement as a legal conclusion, which the trial court repeated in its "Conclusions of Law."

the note and demanded payment in full by July 25, 1985.[2] Payment was not made, and this action was commenced.

**1.** On those findings of fact, the trial court concluded that the note and trust deed are integrated documents that must be read together and that their language is not ambiguous. It went on to conclude that the trust deed limited plaintiff's remedies on default, because its specific provisions controlled over the more general provision of the note permitting acceleration of the note, relying on ORS 42.240.[3] In so concluding, the court overlooked the provision in the note that provided that "if suit or action is filed hereon," defendants promise to pay reasonable attorney fees. It is apparent that that provision contemplates an action on the note. Therefore, the trial court's conclusion is not supported by its findings. Read together, the two documents permit action on the note or foreclosure under the trust deed; neither document, by its terms, precludes a remedy under the other. Paragraph 12 of the trust deed is merely declaratory of the beneficiaries' rights under ORS 86.710.[4]

---

[2] In response to defendants' claim of waiver and estoppel, the trial court concluded:

"4. I further conclude that plaintiff waived his right to enforce either the balloon payment provision or the acceleration clause by accepting monthly payments for the months of January, February, and March of 1985, after defendants have failed to tender either the September 10 balloon payment or even monthly payments from September through December of 1984. However, plaintiff did reassert the balloon payment provision by returning monthly payments tendered after March of 1985 (exhibit 7) and by giving defendants an opportunity to cure the default by paying the amount due under the balloon payment provision (exhibit 8). Therefore, plaintiff is not barred from proceeding in foreclosure."

Those conclusions are supported by the evidence. Because the note and trust deed must be read together, plaintiff was entitled to sue on the note for defendants' failure to make the balloon payment.

[3] ORS 42.240 provides:

"In the construction of an instrument the intention of the parties is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it."

[4] ORS 86.710 provides:

"Transfers in trust of an interest in real property may be made to secure the performance of an obligation of a grantor, or any other person named in the deed, to a beneficiary. Where any transfer in trust of an interest in real property is made pursuant to the provisions of ORS 86.705 to 86.795 to secure the performance of an obligation, a power of sale is conferred upon the trustee. The power of sale may be exercised after a breach of the obligation for which the transfer is security; and *a trust deed,* executed in conformity with ORS 86.705 to 86.795, *may be foreclosed*

**2.** Defendants contend that, even if the note and trust deed do not explicitly preclude plaintiff from bringing an action on the note, the trust deed anti-deficiency statute, ORS 86.770(2), does. ORS 86.770(2) provides, in part:

> "When a sale is made by a trustee under ORS 86.705 to 86.795, or under a judicial foreclosure, no other or further action shall be brought, nor judgment entered for any deficiency, against the grantor or the grantor's surety, guarantor or successor in interest, if any, on the note, bond, or other obligation secured by the trust deed or against any other person obligated on such note, bond or other obligation * * *."

The statute precludes an action on the debt only after a trustee's sale or a judicial foreclosure. *Siuslaw Valley Bank v. Canfield Assoc. Ore. Ltd.,* 64 Or App 198, 202, 667 P2d 1035 (1983). A trust deed beneficiary may elect to sue on the note, ORS 86.735(4),[5] and thereby waive his priority and security, or he may foreclose on the security and waive his right to collect a deficiency. That accords with the rule applied to the purchase money anti-deficiency statute. ORS 88.070; *see Ward v. The Beem Corp,* 249 Or 204, 209, 437 P2d 483 (1968). No statute precludes plaintiff's action on the note.

Reversed and remanded.

---

*by advertisement and sale in the manner provided* in ORS 86.705 to 86.795, *or,* at the option of the beneficiary, *may be foreclosed by the beneficiary as provided by law for the foreclosure of mortgages on real property.*" (Emphasis supplied.)

[5] ORS 86.735(4) provides:

"The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:

"* * * * *

"(4) No action has been instituted to recover the debt or any part of it then remaining secured by the trust deed, or, if such action has been instituted, the action has been dismissed * * *."