Argued and submitted July 13, order vacated September 29, 1993

# STATE OF OREGON,
acting by and through the
## DIRECTOR OF VETERANS' AFFAIRS,
*Plaintiff,*

*v.*

Leonard A. BIERLEIN
and Ramona B. Bierlein et al,
*Respondents,*

Caleb SIAW
and E. Dylene Siaw, by assignees
Charles A. Drake and Marilyn J. Drake,
*Appellants,*

HIDDEN SPRINGS
ADULT CARE HOMES, INC.,
*Garnishee-Respondent,*

*and*

Carl R. SLAUGHTER,
Genevieve L. Slaughter, Larry Baker,
dba Alder Tree Construction Co.,
Valley Aluminum Window Co.,
nka Valley Window Co.,
and Bell Heating, Inc.,
*Defendants.*

(846-246; CA A78144)

859 P2d 1182

Ronald W. Parks, Clackamas, argued the cause for appellants. With him on the brief was Kenneth Lee Baker, Clackamas.

Fred A. Granata, Portland, argued the cause for respondents. With him on the brief was McKeown & Brindle, Portland.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

This is an appeal of an order effectively voiding a personal judgment in a foreclosure action. We vacate the order and hold that the judgment is valid.

The Siaws had a purchase money mortgage on real property belonging to respondents Bierlein. Plaintiff, Director of Veterans' Affairs (the DVA), also had a mortgage on the property and filed this action to foreclose in 1984. The Siaws, defendants in that case, filed a cross-claim praying both for a personal judgment against Bierleins of $69,900 and for foreclosure of their mortgage. The judgment in that case, filed February 21, 1986, and stipulated to by all of the parties except the Bierleins, provided, in pertinent part:

> "(3) That the mortgage executed and delivered by Leonard A. Bierlein and Ramona B. Bierlein to DVA on June 18, 1982, * * * is declared a first and paramount lien on the property hereinafter described, and that said mortgage is hereby foreclosed by this court on the said property * * *.
>
> "* * * * *
>
> "(4) The mortgage executed by defendants Leonard L. Bierlein and Ramona B. Bierlein to defendants Caleb Siaw and E. Dylene Siaw dated June 16, 1982, * * * in the amount of $69,900, constitutes a second lien against Parcel IV of the above-described property and that mortgage is hereby foreclosed.
>
> "That Caleb Siaw and E. Dylene Siaw are hereby granted a joint and several judgment against Leonard A. Bierlein and Ramona B. Bierlein for the sum of $69,000, plus interest thereon at the rate of 10 percent per annum from November 14, 1981, until paid, plus the further sum of $380 for title search; together with the attorney fees, costs and disbursements incurred herein.
>
> "* * * * *
>
> "(9) That the real property hereinabove described is hereby ordered to be sold by law and the proceeds of sale shall be applied first toward the costs of sale; then toward the satisfaction of [DVA's] judgment awarded herein; then toward the judgments of the Siaws, * * * and the overplus, if any, to the clerk of the court, to be by said clerk distributed to whomsoever may be lawfully entitled thereto."

In March, 1986, the DVA began execution of the foreclosure of its first mortgage. In April, 1986, the Siaws released all their interest in the real property. Thereafter, the DVA and the Bierleins entered into a settlement agreement, effectively reinstating the DVA's mortgage.

In September, 1988, the Siaws assigned their interest in the 1986 judgment to the Drakes. In 1992, the Drakes garnished the bank account of the Bierleins and obtained $4,252.94. They also garnished the Bierleins' wages and their stock certificates in Hidden Springs Adult Care Homes, Inc. (Hidden Springs), which is wholly owned by the Bierleins.

Hidden Springs moved to quash service of the order for its appearance under the writ of garnishment, arguing that the Siaws never obtained a valid personal judgment against the Bierleins, and therefore the court had no authority to issue a writ of garnishment to the Drakes. The Bierleins moved to quash service on them of *subpoenas duces tecum* and moved for a refund of all amounts previously garnished, also arguing that there was no valid personal judgment against them. The trial court entered an order quashing service of the order for appearance and of the *subpoenas duces tecum*, finding that there was no valid personal judgment against the Bierleins, and ordered the return of all amounts received under garnishment. The Drakes appeal that order.

The question is whether the personal judgment against the Bierleins in the 1986 judgment was valid. The Bierleins and Hidden Springs argue that, because the Siaws obtained a judgment of foreclosure on a purchase money mortgage, they are precluded by ORS 88.070 from obtaining a deficiency judgment.[1] They argue that the personal judgment on which the Drakes based their garnishment proceedings is invalid as a deficiency judgment. The Drakes argue that no deficiency judgment can exist before sale of the property and

---

[1] ORS 88.070 provides:

"When a decree is given for the foreclosure of any mortgage given to secure payment of the balance of the purchase price of real property, the decree shall provide for the sale of the real property covered by such mortgage for the satisfaction of the decree given therein, but the mortgagee shall not be entitled to a deficiency judgment on account of the mortgage or note or obligation secured by the same."

that, because the property was not sold pursuant to the foreclosure, the personal judgment is not a deficiency judgment.

 When there is no statutory prohibition, a mortgagee may pursue all statutory remedies, concurrently or successively. *Family Bank of Commerce v. Nelson*, 72 Or App 739, 743, 697 P2d 216, *rev den* 299 Or 443 (1985). However, "a purchase money mortgagee may foreclose the mortgage, in which case an action on the debt is barred, or obtain a judgment on the debt, in which case the mortgage lien is lost." 72 Or App at 743. A party does not need to elect the remedy before judgment, so that a party can plead in the alternative for foreclosure or for a personal judgment on the debt. The Siaws pleaded in their cross-claim for both foreclosure *and* a money judgment. The judgment also included both remedies, the order of foreclosure and the personal judgment on the debt. It may have been reversible error for the court to enter a judgment that did not reflect an election of remedies. However, the Bierleins did not object to entry of that judgment against them, nor did they appeal from it. Accordingly, we conclude that the Bierleins and Hidden Springs are precluded from challenging the judgment, which in effect allowed the Siaws to postpone the election of remedies. Once the Siaws released their interest in the real property, which included their right to execute on the judgment of foreclosure, they were left with the opportunity to enforce the personal judgment. That judgment is not, therefore, a deficiency judgment within the meaning of ORS 88.070. The Drakes, as assignees of the Siaws, are in the same position.

We hold that the personal judgment is valid, and that the court erred in quashing service under the writs at issue and in ordering return of the garnished amounts.

Order vacated.