**In re Kamiar DARAEE, Debtor.**

No. 301–36459–tmb13.

United States Bankruptcy Court, D. Oregon.

April 15, 2002.

Jason Wilson-Aguilar, for debtor.

Peter C. McCord, Portland, OR, for Portland Teacher's Credit Union.

## MEMORANDUM OPINION

PATRICIA M. BROWN, Bankruptcy Judge.

This matter came before the court on the Objection of the Portland Teacher's Credit Union (hereinafter "PTCU") to confirmation of the debtors' proposed Chapter 13 plan. A hearing on this matter was held on February 7, 2002. The debtors were represented by Jason Wilson–Aguilar. PTCU was represented by Peter McCord. Thereafter, I took these matters under advisement.

I have reviewed my notes, the exhibits, and the pleadings and other submissions in the file. I also have read applicable legal authorities, both as cited to me and as located through my own research. I have considered carefully the oral testimony and arguments presented and have read counsel's submissions in detail. The following findings of fact and legal conclusions constitute the court's findings under Federal Rule of Civil Procedure 52(a), applicable in this proceeding under Federal Rule of Bankruptcy Procedure 9014.

## FACTS

The facts are not in dispute. On or about February 9, 1996 the debtors borrowed $17,129 from PTCU under a line of credit agreement. This debt was secured by a Deed of Trust dated February 9, 1996, recorded February 12, 1996, as Document No. 96011889 in the official records of Washington County, Oregon, in which the Debtors were the Grantors and PTCU was the Beneficiary. ("February Trust Deed".) The February Trust Deed encumbered the Debtors' residential real property located at 13403 SW Clearview Way, Tigard, Oregon 97223.

On or about November 21, 1996 the debtors borrowed an additional $25,000 from PTCU under a home equity loan agreement. This debt was secured by a second Deed of Trust dated November 21, 1996, recorded November 26, 1996, as Document No. 96105499 in the official records of Washington County, Oregon ("the November Trust Deed"). The November Trust Deed also encumbered the Clearview Way property.

Both the February Trust Deed and the November Trust Deed contained language providing that upon default PTCU could:

" . . . exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

(a) With respect to all or any part of the Real Property, the Trustee shall have the right to foreclose by notice and sale and [PTCU] shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law." Trust Deeds, ¶ 14.1

Additionally, the Trust Deeds contained a provision regarding election of remedies as follows:

" . . . Election by [PTCU] to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or take action to perform an obligation of Grantor under this Deed of Trust after failure of Grantor to perform shall not affect [PTCU]'s right to take actions on the indebtedness and exercise its remedies under this Deed of Trust." Trust Deeds, ¶ 4.4

The debtors subsequently defaulted on their obligations to PTCU under the line of credit and home equity loan agreements. PTCU then filed a suit against the debtors in Washington County Circuit Court seeking a judgment in the amount due on the notes secured by the deeds of trust. On July 21, 2000 the Washington County Circuit Court entered judgment against the debtors and in favor of PTCU in the amount of $43,700.02 plus costs and attorney fees in the amount of $4,966.00 ("PTCU Judgment"). The PTCU Judgment constituted a lien on all of the debtors' real property located in Washington County. In addition, on July 25, 2000, PTCU recorded a Lien Record Abstract in Clackamas County where the PTCU Judgment became a lien on all of the Debtors' real property located in that county. The Debtors made some payments toward the judgment held by PTCU but did not wholly satisfy it.

On June 28, 2001, the Debtors filed their Chapter 13 bankruptcy petition. Their schedules indicate that they own two pieces of real property, their residence located on Clearview Way which they valued at $360,000, and a rental property located at 19230 Bryant Rd., Lake Oswego Oregon which they valued at $218,440.

The Clearview Way property is encumbered by a first mortgage or trust deed lien in favor of Washington Mutual in the amount of $279,000 and a Washington County real property tax lien in the amount of $3,808.18. In addition, the schedules indicate it is encumbered by the judgment liens held by PTCU and a judgment lien in favor of Wells Fargo. The schedules further indicate that the residential property is encumbered by a deed of trust in favor of PTCU but that it is "disputed" and that it is "Debtor's portion (sic) is Trust Deed merged into judgment."

The Bryant Rd. property is encumbered by a first mortgage or trust deed lien in favor of Mainlander Service Corp in the amount of $206,250 and a Clackamas County real property tax lien in the amount of $2,569,18. In addition, the schedules reflect it is encumbered by the PTCU judgment lien as well as a judgment lien in favor of Wells Fargo Bank.

The Debtors' original Chapter 13 plan is dated July 19, 2001. Both PTCU and Wells Fargo were listed in paragraph 2(b). However, the plan states that there was no equity in the properties to which either PTCU's or Wells Fargo's judgment liens could attach and that, as a consequence, their claims would be treated as wholly unsecured. The plan further provided that "Upon entry of discharge the judgment liens of Wells Fargo and PTCU shall be deemed extinguished and satisfied."

The plan further provided that Wells Fargo's and PTCU's judgment liens against the debtors' residential property would be avoided under § 522(f)(1)(A).

PTCU objected to confirmation of the debtor's proposed plan. It argued that in addition to the judgment lien recognized by the debtors, it was also a secured creditor by virtue of the two deeds of trust it held against the Clearview Way property. In addition it argued that its rights were not subject to modification because its claim was secured only by the debtors' principal residence. Finally, it argued that its trust deed secured claim was superior to any homestead exemption claimed by the debtors and therefore could not be avoided under § 522.

The Debtors filed their first amended Chapter 13 plan dated October 17, 2001, on October 18, 2001. This plan increased the total amount of payments that the debtors were to make over the life of the plan. However, it did not change the manner in which PTCU's claim was treated. Creditor First Select was substituted for Wells Fargo Bank as a judgment lien creditor. On October 24, 2001, PTCU filed an objection to the amended plan in which it incorporated its objections to the original plan.

### DISCUSSION

■ The debtors dispute PTCU's characterization of its security interests. The Debtors contend that by suing on the notes secured by the deeds of trust, PTCU waived its rights under the deeds of trust and therefore has no security for its claim except its judicial liens. In support of this contention the debtors cite O.R.S. 86.735(4) and *In re Morrison,* Case No. 300–31640–tmb13 (Bankr.D.Or.2000).

O.R.S. 86.735(4) states that:

"The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if: ...

(4) No action has been instituted to recover the debt or any part of it then remaining secured by the trust deed, or, if such action has been instituted, the action has been dismissed...."

In *Morrison,* this court held that a creditor had elected its remedies by suing on a promissory note underlying its deed of trust and thus lost its deed of trust lien. I based this decision on the fact that the loan documents entered into by the parties in *Morrison* prohibited the creditor from pursuing more than one remedy for the debtor's breach. However, I also noted that ORS 86.735(4) "suggests that once the whole note has been sued upon, no further action can be brought."

PTCU argues that *Morrison* is distinguishable on its face because the deed of trust in that case prohibited the creditor from pursuing more than one of the remedies provided for in the deed of trust whereas the trust deeds at issue in this case permits it to "exercise any one *or more* " of the remedies provided for in the trust deeds (emphasis added). Further, while it concedes that it is prohibited by ORS 86.735(4) from foreclosing its trust deeds by advertisement and sale, it contends that it is entitled to treat the trust deeds as mortgages and seek judicial foreclosure under ORS 88.010 et. seq.

ORS 86.715 states:

"A trust deed is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property except to the extent that such laws are inconsistent with the provisions of ORS 86.705 to 86.795, in which event the provisions of ORS 86.705 to 86.795 shall control."

ORS 88.010 provides that a mortgage shall be foreclosed by suit subject, however, to ORS 88.040 which provides:

"During the pendency of an action for the recovery of a debt secured by any lien mentioned in ORS 88.010, a suit cannot be maintained for foreclosure of the lien, nor thereafter, unless judgment is given in such action that the plaintiff recover the debt or some part thereof, and an execution thereon against the property of the debtor is returned unsatisfied in whole or in part."

PTCU contends that the language of ORS 88.040 clearly recognizes that a creditor has the right to bring an action on the note underlying a trust deed, execute on that judgment, and, if it is unable to satisfy the judgment by execution, still foreclose on its collateral.

The Debtors argue that PTCU's reliance on ORS 86.715 is misplaced. They note that ORS 86.715 provides that a trust deed shall be subject to mortgage law "except to the extent that such laws are inconsistent with the provisions of ORS 86.705 to 86.795" Here they argue, allowing PTCU to proceed with judicial foreclosure of the trust deeds under mortgage law would be inconsistent with the provisions of ORS 86.770(2)(b) and is, therefore, not permitted by ORS 86.715.

ORS 86.770(2) provides:

"... no other or further action shall be brought, nor judgment entered for any deficiency, against the grantor, or the grantor's successor in interest, if any, on the note, bond, or other obligation secured by the trust deed or against any other person obligated on such note, bond or other obligation after a sale is made:

(a) By a trustee under ORS 86.705 to 86.795; or

(b) Under a judicial foreclosure of a residential trust deed."

PTCU agrees with the debtor's contention that the trust deeds at issue are residential trust deeds and that it could not judicially foreclose those trust deeds and then obtain a deficiency judgment on them. It argues, however, that under ORS 86.770(2)(b) the bar prohibiting a creditor from obtaining a deficiency judgment does not become operative until *after* a foreclosure sale. Here, it argues, since no foreclosure sale has occurred, the provisions of ORS 86.770(2) do not come into play. Consequently, it contends, it may maintain judicial foreclosures of its trust deeds without violating the provision of that statute.

■ The statutes cited by the parties clearly state that a creditor who forecloses a *residential deed of trust*, either by advertisement and sale or through judicial foreclosure, may not thereafter obtain a deficiency judgment against the obligor on the underlying obligation. However, none of these statutes directly address the issue of whether a creditor who holds a note secured by a residential deed of trust may sue on the note and then foreclose on its deed of trust. I must, therefore, look to case law for the answer to that question.

Under Oregon law, a holder of a security interest in real property, whether a mortgage or a deed of trust, may judicially foreclose on its collateral and, thereafter, sue on the note to collect any deficiency owing *unless* the security agreement is a purchase money mortgage or a residential deed of trust. In such cases the creditor is prohibited from seeking a deficiency from the grantor by statute. ORS 86.770(2) (Residential Trust Deed) and 88.070 (Purchase Money Mortgage).

■ No statute specifically prohibits a creditor from avoiding the restriction on suing to collect deficiencies for purchase money mortgages and residential deeds of trust by first suing on the notes, executing on that judgment and thereafter foreclos-

ing its security interest. However, Oregon case law has consistently held that "If the purchase money mortgagee elects to foreclose the mortgage, he is barred from bringing an action on the mortgage debt, or he may obtain a judgment on the mortgage debt, in which case he loses his mortgage lien." *Banteir v. Harrison*, 259 Or. 182, 485 P.2d 1073, 1075 (1971). *See also, Ward v. Beem Corporation*, 249 Or. 204, 209, 437 P.2d 483 (1968) ("... purchase money mortgagee has an election to either foreclose his mortgage, in which case he is barred from bringing an action on the mortgage debt, or to obtain a judgment on the mortgage debt, in which case he loses his mortgage lien.") *Beckhuson v. Frank*, 97 Or.App. 347, 351, 775 P.2d 923 (1989) ("a trust deed beneficiary may elect to sue on the note and thereby waive his priority and security, or he may foreclose on the security and waive his right to collect a deficiency.")

In *Knight v. Boese, (In re Knight)*, Adversary Case No. 91–6190–R (Bankr.D.Or. 1992), Judge Radcliffe noted that the doctrine of election of remedies, whereby a creditor who elects to sue on a note loses his mortgage or trust deed lien, was developed by the Supreme Court of Oregon "as a necessary corollary to the anti-deficiency statutes [such as ORS 86.770(2).]" He notes that under this doctrine:

"a purchase money mortgagee or trust deed beneficiary has an election upon default. It may either elect to (1) foreclose upon the property encumbered by its mortgage or trust deed in the manner provided by law, or in the alternative, it may (2) bring an action at law against the parties personally liable for the debt secured by the mortgage or trust deed. Once a remedy has been elected, the creditor is barred from pursuing the other remedy."

He goes on to note:

"One obvious reason for the development of [the doctrine of election of remedies] lies in the rationale that the mortgagee or trust deed beneficiary should be prevented from doing indirectly what the anti-deficiency statutes prohibit, directly. In other words, if the statutes prohibit the obtaining of a deficiency after foreclosure, a creditor should not be able to obtain a judgment, execute thereon and then collect the deficiency, if any, by way of foreclosure. This would permit a creditor to obtain a deficiency judgment so long as the creditor elected to sue the parties personally liable on its debt first and to execute upon any judgment obtained prior to attempting foreclosure on the property subject to a purchase money mortgage or trust deed."

■ I agree with Judge Radcliffe's well reasoned opinion in *Knight* and find that, under the doctrine of election of remedies, a creditor who elects to sue on a note secured by a residential deed of trust and obtains judgment on that suit thereby waives its trust deed lien. Accordingly, I find that PTCU does not hold enforceable trust deeds against the Debtor's Crestview Way property. Rather it has judgment liens which fall in priority after the Debtors' homestead exemption of $33,000 pursuant to ORS 23.240. The question then becomes whether PTCU's judgment lien can be stripped away pursuant to 11 U.S.C. § 522(f)(1)(A).

PTCU argues that the provisions of 11 U.S.C. § 1322(b)(2) prohibit the Debtors from modifying its rights as its only security is the Debtors' "principal residence." Obviously, this is innacurate as PTCU has a judgment lien on both the residence in Washington County and the rental property in Clackamas County. 11 U.S.C. § 1322(b)(2) is not applicable. Further, § 1322(b)(2) only prohibits a debtor from

modifying the rights of holders of secured claims if those claims are secured by a "security interest" in the debtor's principal residence. The term security interest is defined by the Bankruptcy Code as a "lien created by agreement." 11 U.S.C. § 101(51). A judicial lien is not created by agreement. Thus, § 1322(b)(2) would be inapplicable even if PTCU's judgment lien attached only to the debtor's principal residence.

No evidence was presented as to the value of the real property. Therefore, I will use the figures contained in the Debtors' schedules:

|  | Residence | | Rental Property |
|---|---|---|---|
| Value | $360,000.00 | | $218,440.00 |
| Less 7% Cost of Sale | (25,200.00) | | (15,290.80) |
|  | 334,800.00 | | 203,149.20 |
| Less Real Property Taxes | (3,808.18) | | (2,601.70) |
|  | 330,991.82 | | 200,547.50 |
| Less First Lien (Claimed Amount by Washington Mutual) | (289,442.12) | (Claimed Amount by Mainlander) | 202,208.53 |
|  | 41,549.70 | | (1,661.03) |
| Less Homestead Exemption | (33,000.00) | | n/a |
| Available Equity for Creditors | $ 8,549.70 | | $ None |

No evidence was presented as to the amount of First Select's judgment lien nor its priority with respect to PTCU's judgment lien. It appears there is at least $8,549.70 of equity to which one or both of these judgments would attach. However, I have insufficient information to make a determination with respect to the priority or amount of the judgment liens. Therefore, I will deny confirmation and allow the Debtors 28 days to file an amended plan.